UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OMARION SLAUGHTER,

    Plaintiff,

v.

                        Case No. 23-cv-1642-pp

US CELLULAR,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

On December 7, 2023, the plaintiff—who is representing himself—filed a complaint, alleging that the defendant failed to perform its duties under the "Bill of Exchange Act, Truth In Lending Act, Federal Reserve Act Section 16 Part 2 and 18 USC 8." Dkt. No. 1 at 2. The complaint also alleges breach of contract. Id. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because the complaint fails to state a claim upon which relief can be granted, the court will dismiss the case.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff

1

must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepaying to submit "an affidavit that includes a statement of all assets [they] possess[]"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed [without prepaying the filing fee] is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.").

The plaintiff's request states that he is not employed and receives no monthly wages or salary. Dkt. No. 2 at 1-2. The only income plaintiff lists is a $150 "Gift from [a] Family Member" that he received in the twelve months prior to filing the complaint. Id. at 2. The plaintiff states he is not married and has no dependents. Id. at 2. The plaintiff avers that his only monthly expense is $100 in rent. Id. at 2-3. He says that he does not own a home or a car. Id. at 3. Finally, the plaintiff says that he has no assets other than $150 in cash or cash equivalent. Id.

Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and the court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee.

II. **Screening the Complaint**

    A.   Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v.

3

Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64. In evaluating plausibility, the court looks to the complaint as well as "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013). A document filed by a person who is representing himself must be "liberally construed," and a complaint filed by someone representing himself, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff's factual allegations read as follows:

> The Plaintiff Omarion Slaughter a resident of Kenosha Wisconsin and a customer of US Cellular sent payment for his account via Bill of Exchange on October 27th along with a Power of Attorney and a tender of Payment (Notice of claim to interest) to US Celllular [sic]. Instructing US Cellular to apply and transfer the balance to the account for set off each and every billing cycle[] and to communicate in writing if there are any discrepancies within 5 business days upon receipt of the notice. The first notice was received on November 7, 2023 and there was no response. The Plaintiff then sent a second payment on November 15, 2023 and third payment on November 30, 2023 via bill of exchange along with a tender, the second payment being received

> on November 17, 2023 the only response being a phone call saying that a Bill of Exchange is not accepted. Between the second and third payments/notices on November 30th, 2023 US Cellular suspended The Plaintiffs cellular service. US Cellular Failed to perform their duties on two different occasions in one event even leading to suspension of The Plaintiffs cellular services. US Cellular is in violation of The Bill of Exchange Act, Truth In Lending Act, Federal Reserve Act Section 16 Part 2 and 18 USC 8 [sic]. US Cellular failed to perform their duties that is a Breach Of Contract for Non Performance.

Dkt. No. 1 at 2.

The plaintiff marked the box on the form complaint indicating that this federal court has subject-matter jurisdiction because the plaintiff is "suing for a violation of federal law under 28 U.S.C. §1331." <u>Id.</u> at 3. For the "relief wanted," the plaintiff wrote:

> The Plaintiff wants The Defendant to honor the Bill of Exchange and apply and transfer the Principal Balance to the account EACH and EVERY billing cycle for set off and correct the account with no hassle. The Plaintiff also wants a refund for ALL payments made out of pocket in accordance with 15 USC 1615 [sic]. According to Federal Reserve Act Section 29 b, US Cellular is Subject to civil penalties of $25,000 per day which up until the point[]of[]this claim equals out to be $300,000 to be paid to the Plaintiff.

<u>Id.</u>

C. <u>Analysis</u>

The plaintiff alleges that the defendant's alleged refusal to accept his "Bill of Exchange"[1] as payment for his cell phone bill violated several statutes and

---

[1] Black's Law Dictionary defines "bill of exchange" as "[a]n unconditional written order by one person to another, signed by the maker, requiring the person addressed to pay to a third party a specified sum on demand or at a

constituted a breach of contract. The statutes include "The Bill of Exchange Act, Truth In Lending Act, Federal Reserve Act Section 16 Part 2 and 18 USC 8 [sic]. Id. at 2. The plaintiff requests relief under "15 USC 1615 [sic]" and "Federal Reserve Act Section 29 b." Id. at 3.

The plaintiff says that the defendant has violated "The Bill of Exchange Act," but did not provide a citation. The court has been unable to identify a federal statute with this name. The British Parliament appears to have adopted a "Bills of Exchange Act" in 1882, see, *e.g.*, Hall v. Wichita State Bank & Trust Co., 254 S.W. 1036, 1038 (Ct. of Civil Appeals of Texas, Amarillo, 1923). There is a Canadian statute called the "Canada Bills of Exchange Acts." See, *e.g.*, Perry v. Pye, 102 N.E. 653, 656 (Supreme Judicial Ct. of Mass., Suffolk, 1913); Sabrina v. Scott Credit Union, Case No. 23-CV-03611, 2023 WL 8470105, at *1 (S.D. Ill. Dec. 7, 2023) ("The Plaintiff cites the Bill of Exchange Act, which is a Canadian law. Canadian law does not apply here; thus the Plaintiff's claims under foreign law are invalid."); Des Rochers v. Moynihan, No. A-16-CV-560, 2016 WL 11584833 (W.D. Texas May 16, 2016) (dismissing as legally frivolous a complaint alleging claim under an English law entitled the "Bills of Exchange Act of 1882"). These statutes do not apply to commercial transactions in the United States. The court will dismiss the plaintiff's claim that the defendant has violated "The Bill of Exchange Act."

---

fixed or ascertainable future time." BILL OF EXCHANGE, Black's Law Dictionary (11th ed. 2019). It is unclear if this is what the plaintiff means by "Bill of Exchange."

6

The plaintiff alleges that the defendant has violated the "Truth In Lending Act" (TILA)—again, without providing a citation. The Truth in Lending Act provides a private right of action against "any *creditor* who fails to comply with any requirement imposed under this part." 15 U.S.C. §1640 (emphasis added). The word "creditor" is defined as:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. §1602(g); see also 15 U.S.C. §1602(e) (defining "person" as "a natural person or an organization"). US Cellular is not a lender or a financing company; it is a wireless carrier and provider of wireless products and services. It is not a "creditor" as defined by TILA. The court will dismiss the plaintiff's claim that the defendant has violated the Truth in Lending Act.

The plaintiff next alleges that the defendant has violated sections 16 and 29 of the "Federal Reserve Act." Section 16 of the Federal Reserve Act, 12 U.S.C. §§411–21, governs the issuance and redemption of Federal Reserve notes; Section 29 of the Federal Reserve Act, 12 U.S.C. §504—under which the plaintiff demands relief—imposes penalties on *banks* for various forms of misconduct. US Cellular is not a bank. More to the point, only federal officials may enforce these statutes; private individuals do not have a private right of action to enforce Sections 16 or 29 of the Federal Reserve Act. See White v.

Lake Union Ga Partners LLC, Case No. 23-cv-02852, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (compiling cases supporting finding that Section 16 and Section 29 do not create a private right of action). The court will dismiss the plaintiff's claims brought under the "Federal Reserve Act."

The plaintiff alleges that the defendant violated "18 USC 8," and demands relief under "15 USC 1615." Title 18, United States Code §8 defines, for the purposes of federal criminal statutes, "obligation or other security of the United States." It creates no cause of action against anyone by anyone; it simply defines a term that is used in other federal criminal statutes. Title 15, United States Code §1615 prescribes rules for creditors who engage in consumer credit transactions as to how to calculate refunds of unearned interest charges. As the court has found, the defendant is not a consumer credit lender and the plaintiff has not alleged that he is owed a refund of unearned interest on a consumer credit transaction. The court will dismiss these claims.

Finally, the plaintiff alleges that the defendant failed to perform its duties, and characterizes that failure as a "Breach Of Contract for Non Performance." Dkt. No. 1 at 2. "Contract disputes among private parties are quintessential state-law claims." Wei Zhou v. Marquette Univ., 444 F. App'x 896, 897 (7th Cir. 2008). Because the court has dismissed the other claims, the only remaining claim in this lawsuit is the plaintiff's breach of contract claim, which means that "the only possible basis for [federal court] jurisdiction is diversity of citizenship." Balshe LLC v. Ross, 441 F. App'x 395, 396 (7th Cir.

8

2011) ("Because the substance of the claim is breach of contract . . . the only possible basis for jurisdiction is diversity of citizenship, but we do not have complete information about the citizenship of the parties or the amount of money at stake when the parties filed their cross-motions to compel.").

For a federal court to have diversity jurisdiction, a plaintiff must show that the amount in controversy exceeds $75,000 exclusive of interest and costs, and that the parties are citizens of different states. 28 U.S.C. §1332(a). The party invoking the federal court's jurisdiction—in this case, the plaintiff—bears the burden of proving diversity. See, *e.g.*, Page v. Democratic Nat'l Comm., 2 F.4th 630, 634 (7th Cir. 2021) ("The party invoking diversity jurisdiction (most often the plaintiff) bears the burden of showing its existence.").

The plaintiff has alleged that he is a citizen of Wisconsin and that the defendant is a citizen of Illinois. Dkt. No. 1 at 1-2. But he marked the box indicating that he was suing for a violation of *federal* law and did not complete the section of the complaint which asked for information relevant to the determination of whether diversity jurisdiction exists. He left blank the section on page 3 which asked for the amount in controversy. Although the plaintiff claims that "[a]ccording to Federal Reserve Act Section 29 b, US Cellular is Subject to civil penalties of $25,000 per day which up until the pointof [sic] this claim equals out to be "$300,000 to be paid to the Plaintiff," the court has explained that §29 does not provide the plaintiff with a private right of action.

9

The court does not have subject-matter jurisdiction over the plaintiff's "Breach Of Contract for Non Performance" claim.[2]

Ordinarily, the court would give a plaintiff permission to amend his complaint, but in this case "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004). The plaintiff's claims relate solely to his allegation that the defendant refused to accept his "Bill of Exchange" as payment. As many courts have held, claims invoking the payment of debts by "bills of exchange" are frivolous and should not be entertained by the court. See McGee v. Nissan Motor Acceptance Corp., 619 F. App'x 555 (7th Cir. 2015) (noting that the plaintiff's "bill of exchange mimics those consistently rejected by other courts as worthless"); see also Hennis v. Trustmark Bank, Case No. 10CV20, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid

---

[2] Even if the plaintiff had demonstrated that the court had subject-matter jurisdiction over the breach of contract claim, that claim would fail. Under Wisconsin law, to state a claim for breach of contract a plaintiff must assert facts showing three elements: "(1) the existence of a contract; (2) a breach of the contract; and (3) damages from the breach." Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc., 907 F.3d 961, 965 (7th Cir. 2018). "A valid contract requires an offer and acceptance, meeting of the minds between the parties with respect to the essential terms of the agreement and an intention by the parties to be bound by the agreement, and payment of consideration." Joe Panos, Inc. v. Panagiotopoulus, Case No. 22-cv-656, 2022 WL 20690783, at *4 (E.D. Wis. Dec. 21, 2022) (citations omitted). The complaint does not describe a contract, does not explain what provision of the contract the defendant allegedly breached and does not describe any damages resulting from an alleged breach. If the plaintiff can allege those things, he may wish to consider pursuing a breach-of-contract claim in state court, where he would not be required to prove federal subject-matter jurisdiction.

10

under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous."); Harp v. Police & Fire Fed. Credit Union, Case No. 23-2577, 2023 WL 5152625, at *2 (E.D. Pa. Aug. 10, 2023) ("[B]ecause all of [plaintiff's] claims rest upon her mistaken belief that her 'bill of exchange' was valid legal tender, and are based on a fundamental misunderstanding of the operation of a credit card, [the court] will dismiss the Complaint with prejudice and without leave to amend."). Because the plaintiff has failed to state a claim for which this federal court may grant relief and "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted," Barry Aviation Inc., 377 F.3d at 687, the court will dismiss the case with prejudice.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which this federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of December, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**